IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:                                                                                    Case No.: 18-4557-JCO
Jason M. Cooley, Sr.,                                                                     Chapter 13
   *Debtor*.

## ORDER

This matter came before the Court for a hearing on January 30, 2019, on the Motion to Dismiss filed by party in interest, Ronda White. (Doc. 25). Ronda White was present as was her lawyer, Danny Barlar. The Debtor was present as well as his lawyer, Stephen Klimjack. The Chapter 13 Trustee, Danny O'Brien was also present.

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the order of reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has authority to enter a final order.

## FACTS AND PROCEEDINGS

Ms. White and Debtor became divorced on October 30, 2018 by way of the Judgment of Divorce entered by the domestic relations court in Mobile County, Alabama. (*See* Doc. 25 at 3). In the Judgment of Divorce, Debtor was ordered to pay $733.00 per month in child support for the former couple's minor child, and $13,924.00 in child support arrearage. (*Id.*).

Eight days after the Judgment of Divorce was entered, Debtor filed his petition for relief under Chapter 13 of the United States Bankruptcy Code on November 8, 2018. Since filing for Chapter 13 relief, Debtor has missed four (4) of his court-ordered $733.00 per-month-child-support payments. The total amount of child post-petition child support arrears is $2,932.00.

## CONCLUSIONS OF LAW

Section 1307(c)(11) of the United State Code states that a court may dismiss a debtor's case for cause, including the "failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition." 11 U.S.C. 1307(c)(11). Currently, Section 507(a)(1) of the Bankruptcy Code provides that unsecured claims for domestic support obligations shall have first priority above all other claims, including administrative expense claims.

In 2005, Congress significantly amended the Bankruptcy Code through the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). The Eleventh Circuit set out several of the general objectives considered by Congress when it amended the Code in 2005:

> 1. Bankruptcy should interfere as little as possible with the establishment and collection of on-going obligations for support, as allowed in State family law courts.
> 2. The Bankruptcy Code should provide a broad and comprehensive definition of support, which should then receive favored treatment in the bankruptcy process.
> 3. The bankruptcy process should insure the continued payment of ongoing support and support arrearages with minimal need for participation in the process by support creditors.
> 4. The bankruptcy process should be structured to allow a debtor to liquidate nondischargeable debt to the greatest extent possible within the context of a bankruptcy case and emerge from the process with the freshest start feasible.
> 146 Cong. Rec. S11683–02 (daily ed. Dec. 7, 2000) (statement by Sen. Grassley).

*In re Gonzalez*, 832 F.3d 1251, 1254 (11th Cir. 2016), *cert. denied sub nom. Florida Dep't of Revenue v. Gonzalez*, No. 16-1013, 2017 WL 683663 (U.S. June 26, 2017).

The 2005 amendments established domestic support obligations as the highest priority for distribution in bankruptcy cases. Prior to enactment of these amendments, "bankruptcy administrative expenses were accorded the highest priority and domestic support obligations

were granted seventh priority." 4-507 Collier on Bankruptcy P 507.02 (16th 2017). "The creation of this higher priority for domestic support obligations was . . . designed to enhance the status of domestic support obligations in bankruptcy cases and to prevent what Congress believed to be abuses of the bankruptcy process with respect to domestic support obligations." *Id.* The series of domestic support amendments mark a clear congressional intent that domestic support obligations be considered paramount in bankruptcy cases. *Id.*

Application

Construing the plain language of Sections 507(a)(1) and 1307(c)(11), cause to dismiss a debtor's case exists if he has failed to pay his domestic support obligations within the meaning of the Bankruptcy Code.[1] This Court finds that the child support ordered in the Judgment of Divorce is a domestic support obligation within the meaning of the Code, and is thus entitled to the most favorable treatment and paramount consideration when it comes to determining whether Debtor's case should be dismissed for his failure to make court-ordered domestic support obligations.

---

[1] The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any provision under this title, that is,
(A) owed to or recoverable by—
(i) a spouse, former spouse, or child of the debtor ...
(B) in the nature of alimony, maintenance, or support ... of such spouse, former spouse, or child of the debtor ... without regard to whether such debt is expressly so designated;
(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
(i) a separate agreement, divorce decree, or property settlement agreement;
*(ii) an order of a court of record ...*
(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.
11 U.S.C. § 101(14A)(emphasis added).

In an effort to give Debtor the fresh start he seeks, this Court finds that the Motion to Dismiss is due to be CONDITIONALLY DENIED at this time. Debtor is hereby ORDERED to catch up his outstanding child support payments by making two payments in the amount of $1,466.00. The first Payment of $1,466.00 SHALL be paid by the close of business on Friday, February 1, 2019. The second payment of $1,466.00 SHALL be paid not later than the close of business on Thursday, February 28, 2019. Both payments shall be made as set out in the Judgment of Divorce to the Accounts Clerk Office, 205 Government Street, Mobile, Alabama 36644. (Doc. 25 at 4).

If either payment is not timely made under the terms set out in this Order, Ms. White is entitled to alert this Court to the Debtor's failure to comply, and this case will be dismissed without a hearing or further delay.

Dated: January 30, 2019

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE